# Court of Appeals
## Tenth Appellate District of Texas

---

10-25-00127-CR

---

Ex parte Robert L. Marze

---

On appeal from the
278th District Court of Walker County, Texas
Judge Tracy Sorensen, presiding
Trial Court Cause No. 31073

---

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Robert L. Marze was indicted for bribery, a second degree felony, on April 27, 2023. He was released from jail on a $10,000 surety bond. When Marze was convicted of murder in a different county on February 13, 2025 but not yet sentenced, the State moved to revoke and increase Marze's bond on the bribery charge. The motion was granted, Marze's bail amount was set at $2,000,000, and Marze was rearrested.

Marze filed a pre-trial writ of habeas corpus requesting the setting of reasonable bail which, after a hearing, was denied by the trial court, and bail remained at $2,000,000. Marze appealed the trial court's ruling, but by the

time the appeal was ready to be decided by this Court, Marze had been sentenced to seven years in prison for murder.

In his sole issue on appeal, Marze contends the trial court erred in denying him a reasonable bail pending trial. However, the State asserts in its brief that because Marze is in prison, his appeal is moot. We agree with the State.

When "the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *State v. Golding*, 398 S.W.3d 745, 746 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (internal quotations omitted); *see Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (appeal of denial of pretrial habeas application rendered moot by appellant's subsequent conviction for underlying robbery). Here, the premise of Marze's habeas application—his request for reduced pretrial bail—has been "destroyed by subsequent developments" because, although Marze's bribery charge remains outstanding, he is now in prison, and there is no action that this Court can take with respect to pretrial bail that will be of any practical effect. *See Bennet*, 818 S.W.2d at 200. *See also Ex parte Boyd*, Nos. 01-25-00681-CR, 01-25-00682-CR, 01-25-00683-CR, 2026 Tex. App. LEXIS 4967, at *4 (Tex. App.—Houston [1st Dist.] May 28, 2026, no pet. h.) (not designated for publication) (prison

sentence on one charge renders moot bail appeal on a different charge). Therefore, Marze's appeal is moot. *See Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992).

Marze contends that his appeal is not moot because the issue he raises is "capable of repetition, yet evading review." *See Pharris v. State*, 165 S.W.3d 681, 688 (Tex. Crim. App. 2005). The United States Supreme Court has said, and the Court of Criminal Appeals has agreed, that "the 'capable of repetition but evading review' doctrine [is] limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975); *Pharris*, 165 S.W.3d at 688.

Regardless of whether Marze has met the first prong of this doctrine, we do not believe that he has met the second prong. Although the bond for the bribery charge remains in effect, there is no reasonable expectation that the bribery charge would still be pending by the time Marze has served his sentence for the murder conviction.

Accordingly, this appeal is dismissed as moot.

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  July 23, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Dismissed as moot
Do Not Publish
OT06

